UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | |
|---|---|
| In Re:<br>NORVIEW BUILDERS, INC.<br><br><br>Debtor(s) | BK No.: 18-1825<br><br>Chapter: 11<br>Honorable Jacqueline Cox |

### FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO § 363(c)(2) AND BANKRUPTCY RULE 4001(b)

This matter coming on to be heard on Debtor, Norview Builders, Inc.'s, Motion For Use Of Cash Collateral, Pursuant To § 363(c)(2) and (3) of the Bankruptcy Code and Bankruptcy Rule 4001(b), due and proper notice having been served, and this Court having jurisdiction over the parties and subject matter and being otherwise fully advised in the premises;

IT IS THEREFORE ORDERED THAT:

A. The Debtor is authorized to use cash collateral upon the terms and conditions contained in this Order.

B. As adequate protection to MBLockport Corp. ("MBLockport"), for the use of its collateral, which includes the rental income, including the cash and cash equivalents (the "Cash Collateral") derived from the real property located at 706 Lockport Street, Plainfield, Illinois (the "Real Property") MBLockport is hereby granted and shall have replacement liens in and to the Real Property and the Cash Collateral which shall have the validity, perfection, and enforceability as the pre-petition liens held by MBLockport without any further action by the Debtor or MBLockport.

C. As further adequate protection, the Debtor shall maintain insurance on the Real Property listing MBLockport as lienholder and loss payee.

D. Subject to and conditioned upon the Debtor making the payments to MBLockport specified in paragraphs E. and F., below, the Debtor may use cash and Cash Collateral for the payment of 1) insurance premiums on the Real Property, 2) all real property taxes as they come due and owing, 3) up to $1,000 per month, on a non-cumulative basis, without prior written consent of MBLockport or Court Order, to pay (x) expenses related to the repairs and maintenance of the Real Property; and (y) other necessary business expenditures, 4) United States Trustee quarterly fees, and 5) professional fees approved by the Court.

E. Further, the Debtor is authorized to use cash and Cash Collateral for the payment of, and to pay, the following: 1) $30,000.00 to Gregory K. Stern, PC, 2) $2,300.00 to Edward Reagan, Receiver, 3) $7,685.00 to Kavanagh Grumley and Gorbold, LLC the Receiver's attorneys, and, 4) $65,000.00 to MBLockport, which MBLockport shall apply to its claim on a provisional basis.

F. The Debtor shall make monthly adequate protection payments to MB Lockport in the amount of $3,500.00 commencing with rent collected for March 2018, which MBLockport shall apply to its claim

on a provisional basis.

    G.  This Order is without prejudice to the Debtor or MBLockport seeking a determination of the value of the Real Property or the adequacy of adequate protection, including but not limited to the rights of MBLockport to seek additional adequate protection and/or a claim under Section 507(b) of the Bankruptcy Code.

Enter:

*Jacqueline B. Cox*

Honorable Jacqueline Cox
United States Bankruptcy Judge

Dated: 3/20/18

**Prepared by:**
Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID # 02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558