UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Norview Builders Inc., | ) | Case No. 18 B 01825 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

Memorandum Opinion on Motion to Sell Property
Free and Clear of Liens at Dkt. No. 163 and Motion
to Convert Case from Chapter 11 to Chapter 7 at Dkt. No. 36

This matter comes before the court for ruling on the Debtor's amended motion to sell its property at 24205 W. Lockport in Plainfield Illinois ("Lockport Property"), free and clear of liens to NWB Plainfield Real-Estate LLC ("NWB") for $950,000. Dkt. No. 163. This motion was filed in the context of a motion to convert filed by secured creditor, MB Lockport ("MB") at Dkt. No. 36 and a contested confirmation hearing in which the court heard testimony, arguments and reviewed evidence on April 3, 4 and May 1, 2019. On April 4, 2019, this court announced that no decision would be made on the motion to convert under 11 U.S.C. § 1112(b)(1) at Dkt. No. 36 because it was not in the best interests of creditors to do so at that time.[1] The contested confirmation hearing and the motion to convert were continued to May 1, 2019.

The Debtor subjected the Lockport Property to marketing for the purpose of selling it or finding a new lessee. This court approved the Debtor's application to hire Jon Waldron as the commercial real estate broker for the Lockport Property. Dkt. No. 46. M18 Land Investments

---

[1] The court's statement was not memorialized in an order but it is reflected in the transcript for April 4, 2019.

LLC ("M18") was made aware of the Debtor's intent to sell the Lockport Property through the attorney John Argoudelis, who represents the Debtor's former tenant, Sovereign Tap.

NWB first contacted the Plainfield Economic Development Department, who then connected NWB with a commercial broker that showed them the Lockport Property and another property.

M18 filed an offer to purchase the Lockport Property for $550,000 in cash. Dkt. No. 169. Two other parties want this court to deny the Debtor's motion to sell and approve M18's offer including the Debtor's former tenant, Sovereign Tap[2] ("Sovereign") and MB. If M18's offer or NWB's offer is approved by this court, all creditors will be paid in full and the sale proceeds will create a surplus estate. The issue then, is whether the Debtor or M18 will be able to access the extra $400,000 in equity.

M18's $550,000 cash offer will close faster than NWB's offer which has fewer contingencies. NWB's $950,000 offer is based on financing that requires approval by Byline Bank and the Small Business Administration ("SBA"). *See* Debtor's Exhibit Nos. 2 and 3. NWB has also secured $275,000 from investors committed to closing the financing gap, should there be a gap. ($200,000 from NWB's co-owners and $275,000 from individual investors).

However, the court is concerned about the testimony from William Tsourapas, CEO of M18, who testified on May 1, 2019, that his offer was contingent on Sovereign remaining in the Lockport Property. The Debtor's owner explained in detail how Sovereign inconsistently pays its rent. *See* Dkt. No. 36, p. 5-7 and Dkt. No. 57, p. 6. Regardless, as of May 1, 2019, Sovereign no longer has a lease at the Lockport Property and therefore, has no legal basis to remain there.

---

[2] Sovereign was a lessee pursuant to a commercial lease with the Debtor that expired on June 30, 2019.

Mr. Tsourapas further testified that NWB's offer is not as strong and suggested that he knew this for a fact because he reached out to people he knew from the SBA or its sales agents about NWB's offer. This court admonished Mr. Tsourapas for repeating this testimony after sustaining the Debtor's hearsay objection for the same remarks. Mr. Tsourapas testified about speaking to the SBA; the court hopes that he has not jeopardized NWB's efforts to finance the purchase through the SBA.

Mr. Tsourapas testified that the Lockport property was not worth more than $300,000; this statement was based on his own assessment and conversations with Sovereign.

This contradicts the credible testimony of an NWB co-owner, who, in the course of his search for a restaurant came across a $500,000 listing for a vacant restaurant just up the street from the Lockport Property that required a gut job. That property had no parking lot and a smaller square footage than the Lockport Property.

The court need not adopt any party's appraisal of the Lockport Property because exposure to the market is the best determinant of its value, which in this case is $950,000.

A debtor-in-possession may use, sell, or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. § 363(b). Courts consider several factors to determine whether a proposed sale is an exercise of a debtor's sound business judgment including: a) whether a sound business reason exists for the proposed sale; b) whether fair and reasonable consideration is provided; c) whether the sale has been proposed and negotiated in good faith; and d) whether adequate and reasonable notice is provided. *In re Eng'g Prods. Co.*, 121 B.R. 246, 247–49 (Bankr. E.D. Wis. 1990).

All of the elements in *Engineering Products* have been met. In this case, the business reason for the Debtor to sell the Lockport Property is to generate the proceeds necessary to pay its creditors in full. NWB's consideration of $950,000 offer is fair and reasonable because it is $650,000 higher than what M18 claims the Lockport Property is worth. The sale was negotiated in good faith because the Debtor will not receive any enumeration beyond the $950,000 and NWB first contacted the Plainfield Economic Development Department who connected NWB with a commercial broker that showed NWB the Lockport Property and another property. Lastly, the Debtor's motion to sell was sent on 21 days' notice to all parties in interest.

M18's $550,000 cash offer is $400,000 less than NWB's offer. There is nothing in the record which suggests that NWB's offer is anything but serious. M18 made it clear to the court that it will not outbid NWB or agree to be a stalking horse bidder. M18 does not want Sovereign to vacate the premises, despite Sovereign's lackluster history of paying its rent and it having no rights to occupy the Lockport Property as of May 1, 2019.

Other things being equal, cash offers are better than offers based on financing. It is true that cash offers can satisfy creditors faster but in this case, the $400,000 gap between M18's offer and NWB's offer is too high for this court to prioritize speed over the best interests of the estate.

After all, one purpose of the bankruptcy estate is the maximize the value of debtor's assets.

Based on the foregoing, the court finds that NWB's $950,000 offer is in the best interests of the estate and its creditors. Because all creditors will be paid in full by the sale proceeds of Lockport Property, the court finds that it is not in the best interest of creditors to convert this case

to Chapter 7. Therefore, MB's Motion to Convert Case from Chapter 11 to Chapter 7 at Dkt. No. 36 is denied.

An order approving the Debtor's Motion to Sell Property Free and Clear of Liens at Dkt. No. 163 will be granted by separate order.

A judgment denying MB Lockport's Motion to Convert Case from Chapter 11 to Chapter 7 at Dkt. No. 36 will be issued by separate order.

The status hearing on confirmation will be held on May 15, 2019 at 11:00 a.m.

So Ordered.

**Date:** May 3, 2019                              **Entered:** *Jacqueline P. Cox*

                                                   J. Cox
                                                   _____
                                                   **Judge Jacqueline P. Cox**
                                                   **United States Bankruptcy Judge**